UNUTOA SONOMA LIUFAU,
Claimant

v.

AUAUNA LEAO,
Claimant;
TUUU SOOGAPU, Objector;
TASI L. LIUFAU, Objector;
MEAFUA LIUFAU, Objector;
FIAVAAI P. LUAAVA, Objector

No. 1091

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

[Matai Title: "Liufau" of Aua]

April 10, 1971

APPEARING

Counsel for Unutoa, Salanoa S.P.
Counsel for Auauna, Mariota Tuiasosopo.

OPINION OF THE COURT

A. P. LUTALI, *Presiding Judge.*

Unutoa Sonoma Liufau filed his application on April 24, 1969, to be registered as the holder of the matai title Liufau of Aua. Auauna Leao filed his application to be registered as the holder of the same matai title on May 29, 1969. Tuuu Soogapu filed her objection on May 26, 1969, to the registration of the Liufau matai title by Unutoa Sonoma Liufau. On July 1, 1969, Tasi L. Liufau and Meafua Liufau each filed an objection to the registration of the Liufau

matai title by Auauna Leao. Fiavaai P. Suaava filed his objection on July 3, 1969, to the registration of the Liufau matai title by Auauna Leao.

At a pre-trial conference in the courthouse on March 12, 1971, Meafua Liufau, Fiavaai P. Suaava, Tasi L. Liufau, and Tuuu Soogapu each withdrew his or her objection and therefore each ceased to be a party in this litigation.

For purposes of this hearing, Unutoa Sonoma Liufau will be referred to as Unutoa and Auauna Leao as Auauna.

From the evidence adduced at the hearing, both candidates Unutoa and Auauna are eligible to hold a matai title under Sec. 6.0101 of the Code of American Samoa.

Sec. 6.0104 of the Code of American Samoa, 1961 Edition, as amended, prescribed the requirements for the registration of a matai title. The evidence clearly established that each of the two remaining candidates, viz., Unutoa and Auauna, possesses those qualifications and is, therefore, eligible for registration as the holder of a matai name.

The Code of American Samoa, 1961 Edition, as amended, prescribes the law which the Court must follow in determining which one of the opposing candidates for a matai name shall be registered as its holder. It reads as follows:

Sec. 6.0107—Consideration given by the Court: In the trial of matai name cases, the High Court of American Samoa shall be guided by the following considerations, in the priority listed.

First: The best hereditary right in which the male and female descendants shall be equal in families where this has been customary, otherwise the male descendant shall prevail over the female.

Second: The wish of the majority or plurality of those clans of the family as customary in that family.

Third: The forcefulness, character, personality, and knowledge of Samoan customs.

Fourth: The value of the holder of the matai title to the family, the village and the country.

The undisputed evidence as to Unutoa's lineage was that Liufau Mativa had a daughter Leutu who is the mother of Unutoa. It is apparent from this evidence that Unutoa is the grandson of Liufau Mativa. The evidence as to Auauna's lineage, also undisputed, was that Liufau Tosiese had a daughter Sailegogo who had a daughter Fuelasi who had a daughter Taeli who had a daughter Savali who had a daughter Faiumu who was the mother of Auauna. It follows from this evidence that Unutoa, who is the grandson of Liufau Mativa, prevails over Auauna who is the great, great, great grandson of Liufau Tosiese, and we so find.

Unutoa submitted evidence to the effect that five clans are customary in the Liufau family and that three of the five clans are supporting his candidacy. The other two clans are without known descendants at present. Auauna submitted evidence that only two clans are customary in the Liufau family, and that one of the two clans is supporting his candidacy. The other clan is supporting Unutoa's. The evidence clearly shows that the majority or plurality of the clans as is customary in the Liufau family are supporting the candidacy of Unutoa. We find therefore that Unutoa prevails over Auauna on this issue.

Since the statute provides that the Court "shall be guided by the following (meaning four issues) in the priority listed", it follows that the Court must give more weight to the issues of hereditary right and wish of the majority or plurality of the clans of the family than it does to the third and fourth issues, viz., "the forcefulness, character, personality, and knowledge of Samoan customs" and "the value of the holder of the matai name to the family, the village, and the country."

Since Unutoa prevails over Auauna on the first two issues, he is entitled to be registered as the holder of the matai name Liufau. No useful purpose would be served by lengthening this opinion by setting out the evidence in this case with respect to the last two issues. Suffice it to say, however, that the Court is of the opinion from the evidence in this case that Unutoa prevails over Auauna, not only on the first two issues, but also on the last two.

### DECREE

Accordingly, it is ORDERED, ADJUDGED AND DECREED that Unutoa Sonoma Liufau of Aua be registered as the holder of the matai name LIUFAU attached to the village of Aua, subject to the condition that he file with the Territorial Registrar within 30 calendar days from the date of this Decree, his resignation from the Unutoa title.

Costs in the sum of $25.00 are hereby assessed against Auauna, the sum to be paid within 30 days.